UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

v.                                     Case No:   2:16-CV-349-FtM-38CM

DISTINCTIVE FINISHES, LLC, a
Florida limited liability company;
BBL-FLORIDA, LLC, an inactive
foreign limited liability company;
and OASIS TOWER TWO
CONDOMINIUM ASSOCIATION,
INC., a Florida not-for-profit
corporation,

      Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Application for Clerk's Default Against Distinctive Finishes, LLC (Doc. 22), filed on June 22, 2016. Plaintiff moves, pursuant to Federal Rule of Civil Procedure 55(a), for entry of Clerk's default against Defendant Distinctive Finishes, LLC ("Distinctive"). For the reasons that follow, the motion is due to be denied without prejudice.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b).  Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]"  Fed. R. Civ. P. 4(h)(1)(A), (e)(1).   Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation.  A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director.  Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation or an employee of the registered agent.  *Id.* § 48.081(3)(a).  If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent.  *Id.* Process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent.  Fla. Stat. § 48.062(1).

Here, the Return of Service (Doc. 9) states that on May 25, 2016, a process

server for DLE Process Servers, Inc. delivered a true copy of the Summons in a Civil Action, Complaint for Declaratory Relief, and Exhibits upon Joan Quillen, "authorized agent" for Distinctive at 1948 Imperial Golf Course Blvd, Naples, FL 34108. Doc. 9 at 1. A search of the Florida Department of State, Division of Corporations' website reveals that Distinctive's registered agent is Leon Pope at 14630 Palm Beach Blvd #3 PMB #221, Fort Myers, FL 33905.[1] Plaintiff does not advance any explanation as to why service was not attempted on the registered agent. Alternatively, if service could not be made on the registered agent, Robert J. Quillen is an authorized person to accept service of process.[2] There is no indication in the record that Joan Quillen has been appointed by Distinctive as a registered agent. As there is no indication that service was attempted on the registered agent, the Return of Service is insufficient to establish service of process. *See PNC Bank Nat. Ass'n v. Orchid Grp. Investments, L.L.C.,* No. 2:13-CV-12-FTM-99SPC, 2013 WL 870256 (M.D. Fla. Mar. 8, 2013); *Lantana Ins., LTD. v. Tome,* No. 610-CV-402-ORL-31DAB, 2010 WL 2869533, at 1 n. 1 (M.D. Fla. July 21, 2010); *White v. OSP, Inc.,* No. 2:13-CV-709-FTM-29CM, 2014 WL 2861488 at *1 (M.D. Fla. June 24, 2014).

---

[1] www.sunbiz.org.
[2] *Id.*

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Application for Clerk's Default Against Distinctive Finishes, LLC (Doc. 22) is **DENIED without prejudice.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 8th day of July, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of Record