**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MID-CONTINENT CASUALTY COMPANY, a foreign corporation,

Plaintiff,

v. Case No: 2:16-cv-349-FtM-38CM

DISTINCTIVE FINISHES, LLC, a Florida limited liability company; BBL-FLORIDA, LLC, an inactive foreign limited liability company; and OASIS TOWER TWO CONDOMINIUM ASSOCIATION, INC., a Florida not-for-profit corporation,

Defendants.

---

**ORDER**

Before the Court is Plaintiff's Second[1] Application for Clerk's Default Against Distinctive Finishes, LLC (Doc. 32), filed on July 20, 2016. Plaintiff moves, pursuant to Rule 55(a), Federal Rules of Civil Procedure, for entry of Clerk's default against Defendant Distinctive Finishes, LLC ("Distinctive"). For the reasons that follow, the motion is granted.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must

---

[1] Plaintiff's First Application for Clerk's Default (Doc. 22) was denied without prejudice due to the lack of explanation as to why service was not attempted on the registered agent. *See* Doc. 31.

enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a Plaintiff may serve process on a limited liability company pursuant to Rule 4(h), Federal Rules of Civil Procedure). Florida Statutes provide that process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1). Each limited liability company shall designate and continuously maintain in this state a registered office. Fla. Stat. § 605.0113(1)(a). The registered agent must be an individual who resides in this state and whose business address is identical to the address of the registered office. Fla. Stat. § 605.0113(1)(b)(1). If the address provided for the

registered agent is a private mailbox, service on the limited liability company may be made by serving the registered agent, member, or manager in accordance with Florida Statutes section 48.031. Fla. Stat. § 48.062(4). Section 48.031, Florida Statutes, provides that service of process is made by delivering copies to the person to be served or by leaving copies with any person residing therein who is fifteen years of age or older. Fla. Stat. § 48.031(1)(a).

Here, the Return of Service (Doc. 9) states that on May 25, 2016, a process server for DLE Process Servers, Inc. delivered a true copy of the Summons in a Civil Action, Complaint for Declaratory Relief, and Exhibits upon Joan Quillen, "authorized agent" for Distinctive at 1948 Imperial Golf Course Blvd., Naples, Fl 34108. Doc. 9 at 1. A search of the Florida Department of State, Division of Corporations' website reveals that Distinctive's registered agent is Leon Pope at 14630 Palm Beach Blvd #3 PMB #221, Fort Myers, FL 33905.[2] Plaintiff has filed an Amended Affidavit of Service (Doc. 32-1) providing additional information pertaining to the service executed on May 25, 2016. According to the Amended Affidavit of Service, the original registered agent service address is a pack and ship store where Distinctive has not had an active mailbox for more than one year. Doc. 32-1 at 2. After an unsuccessful attempt was made to locate Leon Pope, the registered agent for Distinctive, an alternate address was located for the only member/manager of the company, Robert J. Quillen, at 1948 Imperial Golf Course Blvd., Naples, FL 34108. *Id.* Service of process was made upon Joan Quillen, Robert Quillen's mother, as co-

[2] www.sunbiz.org.

resident at this address. *Id.* Since Distinctive did not comply with section 605.0113, Florida Statutes, by maintaining a registered office and registered agent, service was proper when the process server delivered the copies to a co-resident at the address of the only member/manager of Distinctive. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x. 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Therefore, service of process was properly effected under Rule 4(e)(2)(A) Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Distinctive has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Rule 55(a) Federal Rule of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Second Application for Clerk's Default Against Distinctive Finishes, LLC (Doc. 32) is **GRANTED.** The Clerk is directed to enter a Clerk's Default against Defendant Distinctive Finishes, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of August, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record